Mr. Justice ThacheR
delivered the opinion of the court.
The plaintiff instituted his action of ejectment, to recover certain premises in the town of Biloxi, in Harrison county. He claimed under a deed in fee simple from his brother, Adolphe Caillaret, since deceased, who was a former husband of Adelle Bernard, one of the defendants. This deed was executed prior to the intermarriage of the grantor, Adolphe Caillaret, with the *323 defendant, Adelle Bernard, but the said Adolphe occupied the premises thereby conveyed, as his dwelling-place, at the time of his decease. The defendants, one of whom, as aforesaid, was the widow of the'plaintiff’s grantor, set up the defence that the conveyance of the premises to the plaintiff was intended only as a trust estate in him for certain purposes. This was not an attempt to set up an equitable title or interest against a legal title, but merely to show that the conveyance to the plaintiff was in fact a trust estate, and not absolute.
The proof that the property in question was conveyed to the plaintiff in trust, is contained in an acknowledgment, signed by the plaintiff, in which he avers that the property was conveyed to him by his brother, without any view to defeat the claims of his just creditors, but the reverse, since he, the grantee, was charged to settle with all such creditors.
It is a principle of evidence, that where two writings refer to each other, with a view to the construction of either, being contemporaneous and kindred in respect to subject-matter, they are deemed one instrument. This is the case where the controversy is between the original parties and their representatives. Phil. Ev. Cow. & Hill’s notes, 3, 1420, note 547; 1 Green!. Ev. 334.
It being considered correct upon principles of evidence to have permitted the introduction of the instrument, showing the creation of a trust, the objection that the instrument by which this proof was sought to be substantiated was not fully proved, cannot avail, because there is nothing in the record that purports to set out the whole evidence upon the trial, and we must therefore presume that the court admitted it to the jury only upon the production of sufficient verification.
The deed of Adolphe Caillaret, having been qualified as conveying a trust estate, and not being absolute, although executed anterior to his marriage with the defendant, Adelle Bernard, continued the_property, subject to the widow’s dower. How. & Hutch. 353, sect. 47. It does not appear by the record that dower had been assigned to the widow of the plaintiff’s grantor, and she was therefore entitled to the full possession of the *324 dwelling-house and appurtenances in which her husband most usually dwelt, next before his death. H. & H. 353, sect. 45.
Upon the trial there was evidence to show that the premises were held in possession by a tenant of the widow, but there was no evidence of any lease or actual transfer of her privilege of possession. Inasmuch, also, as she was let in to defend in the action, it was competent for her to defend upon her own right of possession. The circumstances of this case differ from those of Willis v. Doe ex dem. Smith’s Heirs, 2 S. & M. 220.
The objection that the record does not show a plea of “not guilty,” is not a ground of error, the parties having appeared and tried the cause upon its merits. Huddleston v. Garrot, 3 Humph. 629.
Judgment affirmed.